**STATE of Missouri, Respondent,**

v.

**Charron P. McDANIEL, Appellant.**

**No. WD 65672.**

Missouri Court of Appeals,
Western District.

Oct. 10, 2006.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 21, 2006.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stephanie Morrell and Karen Kramer, As-

sistant Attorneys General, Jefferson City, MO, for Respondent.

Nancy A. McKerrow, Assistant State Public Defender, Columbia, MO, for Appellant.

Before EDWIN H. SMITH, C.J., and BRECKENRIDGE and SPINDEN, JJ.

### Order

PER CURIAM.

Charron P. McDaniel appeals the judgment of his conviction, after a jury trial in the Circuit Court of Buchanan County, of possession of more than five grams of marijuana with intent to deliver, in violation of § 195.211. As a result of his conviction, he was sentenced to a term of seven years in the Missouri Department of Corrections.

The appellant raises four points on appeal. In Point I, he claims that the trial court erred in overruling his motions for judgment of acquittal at the close of the State's and all the evidence, because the State failed, as a matter of due process, to make a submissible case on the requisite proof elements of the charged offense that: (1) he possessed the marijuana; and (2) he intended to deliver it. In Point II, he claims that the trial court erred in failing to give a "presence at or near the scene" instruction based on MAI–CR 3d 310.08 (1–1–89), instructing the jury that the mere presence of a person at or near a crime scene at the time the crime was committed is not sufficient alone to make him criminally responsible, because there was evidence in the record, which if believed by the jury, demonstrated that the appellant was merely present at the scene when the police executed their search warrant and seized the marijuana. In Point III, he claims that the trial court erred in giving the jury Instruction No. 12, a modification of MAI–CR 3d 304.12 (11–1–87) and MAI–CR 3d 304.14 (11–1–87), after having rejected its guilty verdicts on the charged offense and the two lesser-included offenses submitted as being inconsistent with its instructions that they were "alternative" submissions, allowing the return of only one guilty verdict, because the Notes on Use as to those patterned instructions make it clear that they are not to be given in cases such as this where the defendant is charged with only one offense and the case is submitted on that offense and lesser-included offenses, for which the jury can return only one guilty verdict. In Point IV, he claims that the trial court erred in admitting, over his objection, State's Exhibit 13, a clear plastic baggie of marijuana seized from the appellant's coat pocket, because the State failed to establish a proper foundation for its admission, specifically, the chain of custody for the baggie.

We affirm pursuant to Rule 30.25(b).